UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK PISCIOTTI, | ) No. |
| Plaintiff, | ) COMPLAINT |
| vs. | ) JURY DEMAND |
| ROBERTA BRITTINGHAM, | ) |
| Defendant | ) |

Frank Pisciotti alleges for his Complaint against Roberta Brittingham as follows:

**NATURE OF ACTION**

1. This is a copyright infringement lawsuit. Mr. Pisciotti is a well-known videographer and the creator of "Kaleidoscope," a popular meditation film, which contains his original video and music. Roberta Brittingham encouraged Mr. Pisciotti to create "Kaleidoscope" by promising to reimburse him for his time and considerable out-of-pocket costs incurred in creating the work, and then to split the proceeds she received from the sale of 300 copies of the work on a 50-50 basis. However, she failed to make the promised payments. Instead, she kept the revenues she received, made many additional unauthorized copies, and sold (and continues to sell) Mr. Pisciotti's work without permission. Ms. Brittingham also removed Mr. Pisciotti's copyright notice and substituted her own name as the ostensible copyright owner.

COMPLAINT -- 1

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

In this suit, Mr. Pisciotti seeks an injunction to enjoin Ms. Brittingham from continuing her infringement, along with actual or statutory damages, and an award of his reasonable attorney's fees, in addition to the other relief provided by law.

## PARTIES

2. Mr. Pisciotti is a natural person. He resides in Rainier, Washington.

3. Ms. Brittingham is a natural person. She resides in Yelm, Washington.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 17 U.S.C § 1203(a).

5. The Court has personal jurisdiction over Ms. Brittingham because she resides in Washington and this District; she transacts business in Washington and this District; she copied and displayed the work at issue in this lawsuit in Washington and this District; and the effects of her infringement were directed to and felt in Washington and this District, where Mr. Pisciotti resides. For these reasons, the Court has both general and specific jurisdiction over Ms. Brittingham.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a) because both parties reside in this District, because Ms. Brittingham may be found in this District, because Ms. Brittingham is subject to the Court's personal jurisdiction in this District, and because a substantial part of the events giving rise to the claims that Mr. Pisciotti asserts herein occurred in this District.

## FACTUAL ALLEGATIONS

7. In 2013, Ms. Brittingham encouraged Mr. Pisciotti, her friend, to create a meditation film depicting the shifting images of a rotating kaleidoscope viewed through a specialized "snorkel" lens. In particular, she proposed reimbursing Mr. Pisciotti for his time and out-of-pocket costs incurred in creating the film, and then splitting on a 50-50 basis the revenue

1 received from the sale of 300 copies of the work that she hoped to sell at a conference. If the
2 film sold well, she suggested selling additional copies of the work on the same basis.

3   8.   Mr. Pisciotti agreed to those terms. He sourced kaleidoscope elements, rented the
4 specialized lens and studio space, and spent hundreds of hours over the next year shooting and
5 editing the video with a high-speed camera and equipment he provided. He also composed and
6 recorded two original tracks of music to accompany the film. Fittingly, he titled his work,
7 "Kaleidoscope."

8   9.   Ms. Brittingham was pleased with the results. She paid Mr. Pisciotti's first two
9 invoices for the out-of-pocket costs he incurred through the dates of those invoices.

10   10.   In response, Mr. Pisciotti paid to have "Kaleidoscope" duplicated, and delivered
11 300 copies of the work for Ms. Brittingham to sell at the conference. The face of the disks he
12 provided displayed an image from the film, along with a copyright notice identifying him as the
13 sole copyright owner. It is depicted below.



20   11.   Ms. Brittingham attended the conference, sold the 300 copies that Mr. Pisciotti
21 provided, and took orders for many more. However, she did not reimburse Mr. Pisciotti for his
22 time and stopped reimbursing him for his out-of-pocket costs. In fact, she did not share any of
23 the proceeds she received from the sales that she made at the conference.

24   12.   On or about March 30, 2015, Mr. Pisciotti registered the "entire motion picture"
25 of "Kaleidoscope" with the U.S. Copyright Office (Reg. No. PA 1-958-265). A true and correct
26

COMPLAINT -- 3

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

copy of his registration certificate is attached as <u>Exhibit A</u>. The registration certificate accurately identifies Mr. Pisciotti as the sole copyright owner.

13. Sometime thereafter, Ms. Brittingham secretly copied "Kaleidoscope," sold many additional unauthorized copies, and kept the proceeds for herself. The face of the disk containing the copied work displays a different image from the authorized disks and removed Mr. Pisciotti's copyright notice. It is depicted below.



14. Ms. Brittingham currently offers for sale and sells the copied film on the Internet, including on *https://drjoedispenza.com/collections/videos-online/products/kaleidoscope-dvd*, and as part of a larger collection called "Becoming Supernatural Meditation Set" described at *https://drjoedispenza.com/collections/videos-online/products/special-becoming-supernatural-package*. As shown below, the sales page for one of the unauthorized copies identifies the film as "Kaleidoscope," and wrongly identifies Ms. Brittingham as the copyright owner.



If you can see the screen above, you will want to click on either Anima or Aman (these are two different tracks on the DVD).

After performing this step to get your video to play, your computer should memorize this transaction and autoplay the next time you place in your DVD disc.

If you are not seeing the screen with the above, we recommend installing **VLC Media Player** and trying the above steps again. You can download the VLC media player for free at one of the following links:

Windows Version: https://www.videolan.org/vlc/
Mac Version: https://www.videolan.org/vlc/download-macosx.html

For video instructions, **Click Here**

©2014 Roberta Brittingham. All Rights Reserved.

15. Mr. Pisciotti has examined a disk that was ordered through the website described above. He confirms that it contains an unauthorized copy of his film and that his copyright notice was removed.

16. As shown below, a booklet distributed with the unauthorized disk states "music and film by Frank Pisciotti," but again wrongly identifies Ms. Brittingham as the sole owner of the copyright.

COMPLAINT -- 5

> the secret to
> MANIFESTATION
> is to imagine that
> what you desire has
> already happened
>
> Kaleidoscope created by Michael Collier | music and film by Frank Pisciotti
> © 2014 Roberta Brittingham

17. Mr. Pisciotti has never been Ms. Brittingham's employee, and he never assigned his copyright interest to her. As such, Ms. Brittingham's repeated claim of being the copyright owner is false.

18. On July 20, 2020, Mr. Pisciotti sent Ms. Brittingham a letter demanding that she stop infringing his copyrights.

19. On July 23, 2020, Ms. Brittingham responded in part by promising to "review all this subject matter with my attorney as soon as it can be arranged," and stating that "[h]e will then subsequently" respond. Though eight weeks has passed, no attorney representing Ms. Brittingham has ever responded.

20. Ms. Brittingham's copyright infringement continues today.

## CAUSES OF ACTION

### Claim One: Copyright Infringement
### (17 U.S.C. §§ 101, *et seq*.)

21. Mr. Pisciotti re-alleges the allegations set forth above.

22. Mr. Pisciotti is the sole author and exclusive owner of all copyrights in "Kaleidoscope," as his copyright registration reflects.

COMPLAINT -- 6

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

23. "Kaleidoscope" is an original work and is protected by copyright laws against unauthorized copying and distribution.

24. Mr. Pisciotti's copyrights are valid and enforceable.

25. Ms. Brittingham's unauthorized copies of "Kaleidoscope" infringe Mr. Pisciotti's copyrights in his work.

26. Ms. Brittingham willfully infringed Mr. Pisciotti's copyrights by displaying, reproducing, preparing derivative works, and distributing copies of "Kaleidoscope" without Mr. Pisciotti's permission.

27. Ms. Brittingham's infringements occurred after Mr. Pisciotti's copyright registration issued.

28. Ms. Brittingham's infringements were willful, were undertaken with actual knowledge of Mr. Pisciotti's copyrights, and continued even after Mr. Pisciotti demanded that she stop.

29. Mr. Pisciotti has been and will continue to be damaged by Ms. Brittingham's copyright infringements in a manner that cannot be measured or compensated in economic terms. Such irreparable harm will continue unless Ms. Brittingham's infringement is restrained or enjoined under 17 U.S.C. § 502. Her infringing copies likewise should be impounded and destroyed under 17 U.S.C. § 503, as well as all articles by which such copies were made.

30. Ms. Brittingham is liable to Mr. Pisciotti in either the amount of his actual damages and any additional profits that Ms. Brittingham has received in an amount to be determined at trial, or in the amount of statutory damages, under 17 U.S.C. § 504. Any statutory damages should be increased to the sum of $150,000 because Ms. Brittingham's infringements were committed willfully. The Court also should award Mr. Pisciotti his full costs and reasonable attorney's fees under 17 U.S.C. § 505.

**Claim Two: Removal and Alteration of Copyright Management Information**
**(17 U.S.C. §§ 1202, *et seq*.)**

31. Mr. Pisciotti re-alleges the allegations set forth above.

32. Ms. Brittingham knowingly, and with the intent to enable, facilitate, or conceal her infringement of Mr. Pisciotti's copyrights in "Kaleidoscope," removed his copyright management information from the "Kaleidoscope" DVDs that she copied and distributed, and falsely claimed on the unauthorized copies that she made and distributed that she owns the copyright. She also falsely claimed on sales web pages that she is the owner of the copyright. In doing so, Ms. Brittingham violated 17 U.S.C. §§ 1202(a)(1) and (2).

33. Ms. Brittingham also intentionally removed and/or altered Mr. Pisciotti's copyright management information, distributed infringing "Kaleidoscope" copies knowing that Mr. Pisciotti's copyright management information had been removed or altered without authority of Mr. Pisciotti or the law, and had reasonable grounds to know that these wrongful actions would enable, facilitate, or conceal the infringement of Mr. Pisciotti's copyrights, in violation of 17 U.S.C. § 1202(b).

34. Mr. Pisciotti has been and will continue to be damaged by Ms. Brittingham's violations of 17 U.S.C. §§ 1202(a) and (b) in a manner that cannot be measured or compensated in economic terms. Such irreparable harm will continue unless Ms. Brittingham's violations are restrained or enjoined under 17 U.S.C § 1203(b)(1).

35. Ms. Brittingham is liable to Mr. Pisciotti in either the amount of his actual damages and any additional profits of Ms. Brittingham in amounts to be determined at trial, or in the amount of statutory damages, under 17 U.S.C. §§ 1203(b) and (c). The Court also should award Mr. Pisciotti his full costs and reasonable attorney's fees under 17 U.S.C. §§ 1203(b)(4) and (5).

**JURY DEMAND**

36. Mr. Pisciotti respectfully demands a trial by jury on all claims stated herein.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Pisciotti respectfully requests judgment against Ms. Brittingham as follows:

1. That the Court issue temporary, preliminary, and permanent injunctive relief against Ms. Brittingham, her officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with her, enjoining and restraining them from:

   a. displaying, reproducing, preparing derivative works, selling, and distributing copies of the work titled, "Kaleidoscope," described in, and protected by, U.S. Copyright Reg. Nos. PA 1-958-265, and attached as Exhibit A;

   b. displaying, distributing, and offering for sale any part of the work titled, "Kaleidoscope," which is or was accessible at *https://drjoedispenza.com/collections/videos-online/products/kaleidoscope-dvd* and *https://drjoedispenza.com/collections/videos-online/products/special-becoming-supernatural-package*;

   c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (b) above;

2. That the Court enter an Order directing Ms. Brittingham to file with this Court and serve on Mr. Pisciotti's attorneys within 30 days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Ms. Brittingham has complied with the injunction;

3. That the Court enter an Order awarding Mr. Pisciotti his actual damages, statutory damages, and enhanced damages for Ms. Brittingham's willful infringement and wrongful removal of his copyright management information, and any additional profits she received in an amount to be determined at trial;

4. That the Court enter an Order awarding Mr. Pisciotti his reasonable costs and attorneys' fees;

5. That the Court enter an Order awarding Mr. Pisciotti his pre- and post-judgment interest; and

6. That the Court grant such additional relief as it deems just and appropriate.

DATED this 16th day of September, 2020.

                ATKINS INTELLECTUAL PROPERTY, PLLC

                By /s/ Michael G. Atkins
                   Michael G. Atkins
                   WSBA# 26026
                   Atkins Intellectual Property, PLLC
                   113 Cherry Street #18483
                   Seattle, WA 98104-2205
                   (206) 628-0983
                   *mike@atkinsip.com*

                Attorneys for Frank Pisciotti