**EXHIBIT A**

Honorable Benjamin H. Settle

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK PISCIOTTI, | Civil Action No. 20-cv-5924BHS |
| Plaintiff & Counterclaim Defendant, | DEFENDANT'S FIRST SET OF INTERROGATORIES |
| v. | |
| ROBERTA BRITTINGHAM, | |
| Defendant & Counterclaim Plaintiff. | |

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Roberta Brittingham requests that Plaintiff answer the following interrogatories within thirty days of the service of these discovery requests. The following definitions and instructions apply to each interrogatory.

## DEFINITIONS

1.      "Plaintiff," "you," or "your" shall mean Frank Pisciotti, and all agents, attorneys, accountants, employees and all other persons or entities acting or purporting to act on his behalf with respect to the matters inquired of herein.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2.    "Defendant," or "Ms. Brittingham" shall mean Roberta Brittingham, and all agents, attorneys, accountants, employees and all other persons or entities acting or purporting to act on his behalf with respect to the matters inquired of herein.

3.    The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5.    The term "relating to" means involving, defining, identifying, stating, referring to, constituting, evidencing or in any way logically or factually relevant, either directly or indirectly, to a given subject.

6.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.    The use of the singular form of any word includes the plural and vice versa.

9.    "Document" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and applicable local rules, and shall include hard copy documents, ESI, and tangible objects.

10.    "Electronically stored information," or "ESI," means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, tablets, cellphones, voicemails, file servers, mail servers, document management databases, disks, tapes or other real or virtualized devices or media.

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 2
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

11.   "Kaleidoscope work" means the kaleidoscope-based motion picture production created between roughly 2012 and 2014, the subject of the present dispute, including without limitation all claims and subject matter subsumed in U.S. Copyright Reg. No. PA 1-958-265.

## INSTRUCTIONS

12.   If you find the meaning of any term in these interrogatories to be unclear, then you should assume a reasonable meaning, state what the assumed meaning is, and answer the interrogatory on the basis of that assumed meaning. Alternatively, you may request clarification in time to answer these requests within thirty days of service.

13.   In the event that the answer to any interrogatory is not within your knowledge, the answer should so indicate and should state who you believe has the information requested.

14.   If any request cannot be fully answered, provide a response to the fullest extent possible, specifying in detail why the remainder of the question cannot be answered; and state what efforts were made and by whom to obtain the information or documents requested by the unanswered portions of the request.

15.   When asked to "identify," or to give the "identity" of a particular person, document, or communication, you shall identify the person, document, communication or thing with sufficient specificity to enable the requesting party to discern:

(a)   In the case of an *individual*, the full name and the last known residence or place or employment and telephone number;

(b)   In the case of a *company* or other entity, the name, place of incorporation or organization, the principal place of business and telephone number;

(c)   In the case of a *document*, whether or not privilege is claimed, the kind of document (e.g., letter, memorandum, email, etc.), the date of the document, the author or originator of the document, and the present location of the document; and

(d)   In the case of *non-written communication*, the manner in which the communication was made (telephone, conversation, etc.), the identity of each person who participated in or witnessed the communication, the subject matter and content of the communication, and the date of the communication.

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 3
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

16.     If you prefer, the original or master and all non-identical copies of the document may be supplied in lieu of identification of each, provided that you also supply a statement specifying (a) the interrogatory number(s) to which the document is considered to be responsive, (b) the date on which the original of the document was prepared to the extent not readily apparent from the document, and (c) the dates and manners of distribution or publication of the original or master and each non-identical copy of the document to the extent not readily apparent from the document.

17.     When asked to "state the basis" of or for a particular claim, assertion, allegation, or contention, you shall provide a detailed written description of the factual and legal basis for the particular claim, assertion, allegation, or contention. The detailed written description should be of sufficient specificity to enable the requesting party to discern:

(a)     The identity of each and every document (and, where pertinent, the section, article or subparagraph thereof) which forms any part of the basis of your answer;

(b)     The identity of each and every communication that forms any part of the basis of your answer;

(c)     The acts or omissions on the part of any person (including the nature, time, and place, and identifying the persons involved in the acts) which form any part of the basis of your answer; and

(d)     Any other fact that forms a basis of your answer.

18.     The use of either the singular or the plural of a word should not be construed so as to exclude any information from any response, and thus the plural should include the singular, and the singular should include the plural, when necessary to prevent such exclusion. Likewise, "and" and "or," when used separately, shall be construed as "and/or" as necessary to bring within the scope of any request that which otherwise would not be construed to be within the scope of the request.

19.    If you redact any portion of any document that is produced in response to these requests, the redacted document should be clearly marked with the word "REDACTED" and the redacted portions should be clearly indicated.

20.    If you withhold any information based on a claim of privilege, you shall set forth in detail the privilege claimed and supporting information with sufficient specificity to enable the requesting party to understand what you are claiming as privileged and to challenge the claim of privilege, if appropriate.

21.    These discovery requests are continuing and require supplementation pursuant to Fed. R. Civ. P 26(e) through the completion of trial.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

Describe in detail Plaintiff's involvement in the Kaleidoscope work, and identify all documents related thereto.

**ANSWER:**


**INTERROGATORY NO. 2.**

Describe in detail all agreements related in any way to the Kaleidoscope work, and identify all documents related thereto.

**ANSWER:**


**INTERROGATORY NO. 3.**

Describe in detail all communications related in any way to the Kaleidoscope work. Your answer should include the date and form of each communication, the identity of the person(s) who were parties to the communication, and the identity of all documents relating to the communication.

**ANSWER:**

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 5
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INTERROGATORY NO. 4.**

Describe in detail the circumstances under which Plaintiff applied for copyright protection for what eventually issued as U.S. Copyright Reg. No. PA 1-958-265, and identify all documents related thereto.

**ANSWER:**


**INTERROGATORY NO. 5.**

Identify all payments made by Ms. Brittingham to Plaintiff related in any way to the Kaleidoscope work, and identify all documents related thereto.

**ANSWER:**


**INTERROGATORY NO. 6.**

Describe in detail your relationship with Ms. Brittingham. Your answer should include a detailed description of how you first met Ms. Brittingham and interactions with Ms. Brittingham from that time until the present.

**ANSWER:**


**INTERROGATORY NO. 7.**

Describe in detail any communication Plaintiff has had with Ms. Brittingham. Your answer should include the date and form of each communication, the identity of the person(s) who were parties to the communication, and the identity of all documents relating to the communication.

**ANSWER:**


**INTERROGATORY NO. 8.**

Describe in detail all financial, in-kind or other compensation, payments or consideration that Ms. Brittingham has provided to Plaintiff at any time, and identify all documents related thereto. Your answer should include without limitation, for example, any monies paid to Plaintiff, food, meals or lodging provided, or anything that would otherwise represent something of value provided by Ms. Brittingham to Plaintiff.

**ANSWER:**

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 6
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**INTERROGATORY NO. 9.**

Describe in detail work performed at any time by Plaintiff for Ms. Brittingham, including without limitation any artistic or other projects, and identify all documents related thereto. Your answer should include without limitation identification of any such work or projects, Plaintiff's involvement with such work or project, any payments made for such work or projects, etc.

**ANSWER:**

**INTERROGATORY NO. 10.**

Identify all copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff, and provide an accounting of all funds received related in any way thereof, and identify all documents related thereto.

**ANSWER:**

**INTERROGATORY NO. 11.**

Describe any derivative works Plaintiff has undertaken related in any way to the Kaleidoscope work, and identify all documents related thereto.

**ANSWER:**

**INTERROGATORY NO. 12.**

Apart from the present case, describe in detail any dispute, litigation or administrative proceeding involving trademark, copyright, unfair competition or Consumer Protection Act claims with which Plaintiff has been involved in any way. Your description should include the title of the proceeding and the tribunal, identity of all parties, the docket number (e.g., civil action number, Opposition number) and filing date, a summary all claims and defenses, its current status, and the terms of any settlement or judgment therein.

**ANSWER:**

**INTERROGATORY NO. 13.**

Identify each expert witness you intend to use to provide opinions or present other evidence at the time of trial. For each such witness, summarize their opinion or

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 7
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1   evidence and any scientific methodology or process used to develop such opinion(s) or evidence.

2   **ANSWER:**

3   DATED March 1, 2021

4

5                                       s/David A. Lowe, WSBA No. 24,453
                                        Lowe@LoweGrahamJones.com
6                                       LOWE GRAHAM JONES^PLLC
                                        701 Fifth Avenue, Suite 4800
7                                       Seattle, WA 98104
                                        T: 206.381.3300
8                                       F: 206.381.3301

9                                       Attorneys for Ms. Brittingham

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 8
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that a true and correct copy of the
foregoing document was served March 1, 2021 via email per the
parties' agreement as follows:

3

4

Michael G. Atkins, Esq.

5

mike@atkinsip.com

ATKINS INTELLECTUAL PROPERTY[PLLC]

6

113 Cherry Street #18483
Seattle, WA 98104

7

8

s/ David A Lowe

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 9
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 INT01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**EXHIBIT B**

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK PISCIOTTI, | Civil Action No. 20-cv-5924BHS |
| Plaintiff & Counterclaim Defendant, | DEFENDANT'S FIRST SET OF INTERROGATORIES |
| v. | |
| ROBERTA BRITTINGHAM, | |
| Defendant & Counterclaim Plaintiff. | |

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Roberta Brittingham requests that Plaintiff respond to the following requests for production within thirty days of service. Production should be directed to the office of Defendant's attorneys, LOWE GRAHAM JONES^PLLC, 701 Fifth Avenue, Suite 4800, Seattle, Washington 98104. The following definitions and instructions apply to each request.

**DEFINITIONS**

1.      "Plaintiff," "you," or "your" shall mean Frank Pisciotti, and all agents, attorneys, accountants, employees and all other persons or entities acting or purporting to act on his behalf with respect to the matters inquired of herein.

LOWE GRAHAM JONES^PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2. "Defendant," or "Ms. Brittingham" shall mean Roberta Brittingham, and all agents, attorneys, accountants, employees and all other persons or entities acting or purporting to act on his behalf with respect to the matters inquired of herein.

3. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. The term "relating to" means involving, defining, identifying, stating, referring to, constituting, evidencing or in any way logically or factually relevant, either directly or indirectly, to a given subject.

6. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. "Document" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and applicable local rules, and shall include hard copy documents, ESI, and tangible objects.

10. "Electronically stored information," or "ESI," means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, tablets, cellphones, voicemails, file servers, mail servers, document management databases, disks, tapes or other real or virtualized devices or media.

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 2
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

11.     "Kaleidoscope work" means the kaleidoscope-based motion picture production created between roughly 2012 and 2014, the subject of the present dispute, including without limitation all claims and subject matter subsumed in U.S. Copyright Reg. No. PA 1-958-265.

**INSTRUCTIONS**

12.     If you find the meaning of any term in these requests to be unclear, then you should assume a reasonable meaning, state what the assumed meaning is, and respond on the basis of that assumed meaning. Alternatively, you may request clarification in time to respond to these requests within thirty days of service.

13.     In the event that the answer to any request is not within your knowledge, the response should so indicate and should state who you believe has the information requested.

14.     If any request cannot be fully answered, provide a response to the fullest extent possible, specifying in detail why the remainder of the question cannot be answered; and state what efforts were made and by whom to obtain the information requested by the unanswered portions of the request.

15.     The use of either the singular or the plural of a word should not be construed so as to exclude any information from any response, and thus the plural should include the singular, and the singular should include the plural, when necessary to prevent such exclusion. Likewise, "and" and "or," when used separately, shall be construed as "and/or" as necessary to bring within the scope of any request that which otherwise would not be construed to be within the scope of the request.

16.     If you redact any portion of any document that is produced in response to these requests, the redacted document should be clearly marked with the word "REDACTED" and the redacted portions should be clearly indicated.

17.     If you withhold any information based on a claim of privilege, you shall set forth in detail the privilege claimed and supporting information with sufficient specificity to enable the

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 3
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES ᴾʟʟᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

requesting party to understand what you are claiming as privileged and to challenge the claim of privilege, if appropriate.

18.    These discovery requests are continuing and require supplementation pursuant to Fed. R. Civ. P 26(e) through the completion of trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

Documents described or identified in response to, or relied upon by you to respond to any of the interrogatories.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2.**

Documents related in any way to Plaintiff's involvement with the Kaleidoscope work.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 3.**

Any agreements related in any way to the Kaleidoscope work.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 4.**

Documents related to any communications pertaining to the Kaleidoscope work.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 5.**

Documents related in any way to U.S. Copyright Reg. No. PA 1-958-265.

**ANSWER:**

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 4
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES᠎ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**REQUEST FOR PRODUCTION NO. 6.**

Documents reflecting any payments made by Ms. Brittingham to Plaintiff related in any way to the Kaleidoscope work.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7.**

Documents related in any way to Plaintiff's relationship with Ms. Brittingham.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8.**

Documents reflecting any communications Plaintiff has had with Ms. Brittingham.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9.**

Documents reflecting any financial, in-kind or other compensation, payments or consideration that Ms. Brittingham has provided to Plaintiff at any time. Production should include without limitation, for example, documents reflecting any monies paid to Plaintiff, food, meals or lodging provided, or anything that would otherwise represent something of value provided by Ms. Brittingham to Plaintiff.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10.**

Documents related in any way to any work performed at any time by Plaintiff for Ms. Brittingham, including without limitation any artistic or other projects.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 11.**

Documents related to any copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff.

**ANSWER:**

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 5
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**REQUEST FOR PRODUCTION NO. 12.**

Documents sufficient to provide a complete accounting of any copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 13.**

Documents related to any derivative works Plaintiff has undertaken related in any way to the Kaleidoscope work.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 14.**

Documents that relate to, refer to, or mention Ms. Brittingham or her products or services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.**

Apart from the present case, documents related to any dispute, litigation or administrative proceeding involving trademark, copyright, unfair competition or Consumer Protection Act claims with which Plaintiff has been involved in any way.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 16.**

Documents provided to each expert witness you intend to use to provide opinions or present other evidence at the time of trial.

**ANSWER:**

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 6
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

DATED March 1, 2021

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Ms. Brittingham

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 7
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES <sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that a true and correct copy of the
foregoing document was served March 1, 2021 via email per the
parties' agreement as follows:

3

4

Michael G. Atkins, Esq.
mike@atkinsip.com
ATKINS INTELLECTUAL PROPERTY PLLC
113 Cherry Street #18483
Seattle, WA 98104

5

6

7

s/ David A Lowe

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FIRST SET OF
INTERROGATORIES - 8
Civil Action No. 20-cv-5924BHS
KALD-6-0001P002 RFP01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**EXHIBIT C**

1

The Honorable Benjamin H. Settle

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8                                 AT TACOMA

9

FRANK PISCIOTTI,                          )    No. 3:20-cv-05924-BHS
10                                         )
                Plaintiff,                 )    DEFENDANT'S FIRST SET OF
11                                         )    INTERROGATORIES AND
        vs.                                )    SUPPLEMENTAL RESPONSES THERETO
12                                         )
ROBERTA BRITTINGHAM,                       )
13                                         )
                Defendant.                 )
14  _____ )

15      Frank Pisciotti <u>supplements</u> his response to Roberta Brittingham's First Set of

16  Interrogatories as follows.

17                            **<u>GENERAL OBJECTIONS</u>**

18      Mr. Pisciotti objects to Ms. Brittingham's requests to the extent they purport to require

19  responses that differ from responses required by Federal Rules of Civil Procedure 26 and 33.

20                                   **<u>ANSWERS</u>**

21      **<u>Interrogatory No. 1</u>.**  Describe in detail Plaintiff's involvement in the Kaleidoscope

22  work, and identify all documents related thereto.

23      **<u>Answer:</u>**  In summary, Mr. Pisciotti's "involvement" in developing "Kaleidoscope" was
    everything.  He pre-visualized the work, conceived of the process, and executed the capture of
24  the video media files.  He was producer, director of photography, lighting director, music
    director, designer, grip, data wrangler, transcoder, colorist, compositor (he created the audio
25  files), sound recordist, composer, recording engineer, and pulled the work together in post-
    production as editor.  Mr. Pisciotti was responsible for all creative aspects of the work.  See also,
26  Mr. Pisciotti's documents produced herewith.  Mr. Pisciotti's investigation and discovery are

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 1

TBILLICK
LAW

continuing.  As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** This interrogatory is overbroad and compound insofar as it contains at least two subparts, thereby causing the total number of interrogatories propounded to exceed what is permissible under F.R.C.P. 33.

**Interrogatory No. 2.**  Describe in detail all agreements related in any way to the Kaleidoscope work, and identify all documents related thereto.

**Answer:**  Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome in that it purports to require him to "[d]escribe in detail" "all agreements" "related in any way" to his work; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Mr. Pisciotti answers as follows: "Kaleidoscope" was Mr. Pisciotti's own project and work of art; there were no agreements that changed this basic fact.  Mr. Pisciotti and Ms. Brittingham agreed that Mr. Pisciotti would be paid for his time in producing the media files for "Kaleidoscope," and ultimately in finishing the work in 4k and distributing it on BluRay disc and digital downloads.  On October 16 or 17, 2012, the parties confirmed their understanding that this would be Mr. Pisciotti's own project.  Mr. Pisciotti was to be paid $100 per hour for his video production services related to investigating how to film a kaleidoscope.

In or around September 2013, Mr. Pisciotti showed Ms. Brittingham his first proof-of-concept film.  Ms. Brittingham liked the work, so Mr. Pisciotti proceeded with the project.  He undertook more filming with a different camera and lens, and then rendered the output on a computer.  Mr. Pisciotti met with Ms. Brittingham in December 2013 to go over the additional footage.  Ms. Brittingham urged Mr. Pisciotti to provide original music for the score.  Mr. Pisciotti did not want to do so because it would require much more work.  She reiterated that she wanted to use his original music.  In the end, Mr. Pisciotti agreed to do so with the understanding that when the finished work was completed, he would get most of the revenue from the sales of the discs.  However, the parties never agreed as to how the revenue would be split.  Mr. Pisciotti had worked with Ms. Brittingham before, and he trusted that he would be fairly compensated.  Ms. Brittingham assured him that he would be paid.  Mr. Pisciotti was satisfied with those assurances, so he continued his work, this time mainly focusing on how to slow the frames so they would appear more fluid and be useful to someone who was interested in using the video to meditate.

In January 2014, the parties agreed that Mr. Pisciotti would reshoot with a different camera and lens that Mr. Pisciotti would rent.  Ms. Brittingham again assured Mr. Pisciotti that he would be paid for his work to date.  Given those additional assurances, Mr. Pisciotti undertook the reshoot, rendered the output, and composed the music.  Thereafter, Ms. Brittingham had an event coming up and told Mr. Pisciotti that she wanted to sell the discs.  The parties agreed that Mr. Pisciotti would get his then-in-progress video and music files into a form that could be saved to discs and sold at the event.

In July 2014, Mr. Pisciotti gave Ms. Brittingham 300 discs to sell.  He still hadn't been paid, so he did not provide Ms. Brittingham any additional discs.  Mr. Pisciotti believes that she sold the discs at the event, but she did not tell him how many, and did not pay him anything from the sales.

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 2



In February or March of 2015, Mr. Pisciotti proposed splitting revenues from disc sales on a 50/50 basis, after he had been paid $30,000 for his work to date. Ms. Brittingham did not respond.

On December 14, 2015, Mr. Pisciotti met with Ms. Brittingham and gave her some original media files. Ms. Brittingham said she couldn't pay him. Mr. Pisciotti said the product could not be sold until he was paid. Ms. Brittingham told him she would talk about next steps in the future, along with a new video series to follow. However, the parties never discussed the matter again. See also, Mr. Pisciotti's documents produced herewith. Mr. Pisciotti's investigation and discovery are continuing. As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** This interrogatory is overbroad and compound insofar as it contains at least two subparts, thereby causing the total number of interrogatories propounded to exceed what is permissible under F.R.C.P. 33.

**Interrogatory No. 3.** Describe in detail all communications related in any way to the Kaleidoscope work. Your answer should include the date and form of each communication, the identity of the person(s) who were parties to the communication, and the identity of all documents relating to the communication.

**Answer:** Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome in that it purports to require him to "[d]escribe in detail" "all communications" "in any way related" to the Kaleidoscope work; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Mr. Pisciotti answers as follows: See answer to Interrogatory No. 2. As described in that answer, Mr. Pisciotti and Ms. Brittingham communicated about "Kaleidoscope" from time to time. The communications made clear that he was the author of and sole creative force behind the work. Ms. Brittingham gave Mr. Pisciotti input about high-level ideas that are not protectable under copyright law. Mr. Pisciotti also had various communications with Kyle Petitjean (prep technician) and Marty Oppenheimer (owner) of Oppenheimer Camera, along with Matthew Morrison (chief machinist) during a photo shoot. Mr. Pisciotti worked with David Burch (VP, Creative Director) of Spiritborne Productions about his order for the discs and his copyright notice. Mr. Pisciotti also met with Cristobol Saria and Chema Guiterrez, who saw him working in post-production. See also, Mr. Pisciotti's documents produced herewith. Mr. Pisciotti's investigation and discovery are continuing. As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** This interrogatory is overbroad and compound insofar as it contains at least five subparts, thereby causing the total number of interrogatories propounded to exceed what is permissible under F.R.C.P. 33.

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 3

No. 3:20-cv-05924-BHS


TBILLICK
LAW

**Interrogatory No. 4.**  Describe in detail the circumstances under which Plaintiff applied for copyright protection for what eventually issued as U.S. Copyright Reg. No. PA 1-958-265, and identify all documents related thereto.

**Answer:**  In May 2014, Mr. Pisciotti told Ms. Brittingham that he intended to list himself as the copyright owner on the face of the 300 discs.  He also said that in the credits for the film, he would be listed as the copyright owner.  Ms. Brittingham sent him an email confirming that he would be so listed.  Thereafter, Ms. Brittingham never paid Mr. Pisciotti.  In order to protect his copyright interest in the work, Mr. Pisciotti registered his copyright with the U.S. Copyright Office.  As part of that effort, he discussed the matter with his attorney, Theresa Simpson, BMI (a music publishing company), and the U.S. Copyright Office.  See also, Mr. Pisciotti's documents produced herewith.  Mr. Pisciotti's investigation and discovery are continuing.  As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** Pisciotti objects on the basis that this response to the extent that it is compound, containing at least two discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33. See also, production documents labeled P008 to P027.

**Interrogatory No. 5.**  Identify all payments made by Ms. Brittingham to Plaintiff related in any way to the Kaleidoscope work, and identify all documents related thereto.

**Answer:**  In September 2013, Ms. Brittingham paid Mr. Pisciotti approximately $1,300 for certain pre-production work.  In or around February 2014, Ms. Brittingham paid him approximately $2,000.  In June 2014, Ms. Brittingham paid approximately $1,300, which Mr. Pisciotti used in part to pay for the duplication of the 300 discs (at a cost of approximately $600).  See also, Mr. Pisciotti's documents produced herewith.  Mr. Pisciotti's investigation and discovery are continuing.  As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** Pisciotti objects on the basis that this response to the extent that it is compound, containing at least two discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33. See also, production documents labeled P008 and P026.

**Interrogatory No. 6.**  Describe in detail your relationship with Ms. Brittingham. Your answer should include a detailed description of how you first met Ms. Brittingham and interactions with Ms. Brittingham from that time until the present.

**Answer:**  Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome in that it purports to require him to "[d]escribe in detail" his "relationship" with Ms. Brittingham and "interactions with Ms. Brittingham from [the time he first met her] until the present"; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 4

No. 3:20-cv-05924-BHS



objections, Mr. Pisciotti answers as follows: Mr. Pisciotti first met Ms. Brittingham at a horse show event that she was hosting in Tumwater in the summer of 1994. He cut together the audio program and directed the show. He was brought into the project by a fellow musician, Jon Baroni. Several months later, Mr. Pisciotti served as a photographer at a photo shoot located at Ms. Brittingham's house. Since that time, he helped produce three more horse show events and participated in two smaller shows. He also helped produce numerous events, weddings, and dinners that Ms. Brittingham organized, with various levels of participation. Mr. Pisciotti's investigation and discovery are continuing. As such, he will supplement this answer as needed in the future.

**Interrogatory No. 7.** Describe in detail any communication Plaintiff has had with Ms. Brittingham. Your answer should include the date and form of each communication, the identity of the person(s) who were parties to the communication, and the identity of all documents relating to the communication.

**Answer:** Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome in that it purports to require him to "[d]escribe in detail" "any communication" that he has had with Ms. Brittingham over a 20-year period; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Mr. Pisciotti answers as follows: See answers to Interrogatory Nos. 2, 3, and 6.

**January 11, 2022 Supplement:** <u>Pisciotti objects on the basis that this response to the extent that it is compound, containing at least five discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33. Pisciotti further objects that this request is not proportional to the needs of this case, insofar as it requests any communication between people who have known each other for 20+ years.</u>

**Interrogatory No. 8.** Describe in detail all financial, in-kind or other compensation, payments or consideration that Ms. Brittingham has provided to Plaintiff at any time, and identify all documents related thereto. Your answer should include without limitation, for example, any monies paid to Plaintiff, food, meals or lodging provided, or anything that would otherwise represent something of value provided by Ms. Brittingham to Plaintiff.

**Answer:** Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Mr. Pisciotti answers as follows: See answer to Interrogatory Nos. 5 and 6. To Mr. Pisciotti's knowledge, he has not received any "in-kind or other compensation" or "food, meals or lodging" as payment for any work performed for Ms. Brittingham. As stated in his answer to Interrogatory No. 6, Mr. Pisciotti has done work for Ms. Brittingham from time to time, and has been compensated for some of that work (*e.g.*, as a musician in a band or in producing horse



shows).  However, such work does not have anything to do with "Kaleidoscope" or the issues in this case.

**January 11, 2022 Supplement:** Pisciotti objects on the basis that this response to the extent that it is compound, containing at least two discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33. Pisciotti further objects that this request is not proportional to the needs of this case, insofar as it requests any payments or "consideration" of any kind for projects not at issue in this case. Further, Defendant has not plead a course of dealing as a basis for her claim to Kaleidoscope, so any dealings prior and subsequent to the Kaleidoscope project are wholly irrelevant for this additional reason.

**Interrogatory No. 9.**  Describe in detail work performed at any time by Plaintiff for Ms. Brittingham, including without limitation any artistic or other projects, and identify all documents related thereto.  Your answer should include without limitation identification of any such work or projects, Plaintiff's involvement with such work or project, any payments made for such work or projects, etc.

**Answer:**  Mr. Pisciotti objects to this interrogatory on the ground that: (a) it is overly broad and unduly burdensome in that it purports to require him to "[d]escribe in detail" his "work" for Ms. Brittingham "including without limitation" all artistic "or other projects"; (b) it is compound and complex; and (c) it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Mr. Pisciotti answers as follows: Mr. Pisciotti has been a part of numerous affairs, events, dinners, and art installations that had some connection to Ms. Brittingham.  He also has performed in numerous bands over 20 years that performed on Ms. Brittingham's property.  See also answers to Interrogatory Nos. 2, 3, 6, and 8.

**January 11, 2022 Supplement:** Pisciotti objects on the basis that this response to the extent that it is compound, containing at least four discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33. Pisciotti further objects that this request is not proportional to the needs of this case, insofar as it requests information surrounding projects not at issue in this case. Further, Defendant has not plead a course of dealing as a basis for her claim to Kaleidoscope, so any dealings prior and subsequent to the Kaleidoscope project are wholly irrelevant for this additional reason.

**Interrogatory No. 10.**  Identify all copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff, and provide an accounting of all funds received related in any way thereof, and identify all documents related thereto.

**Answer:**  Mr. Pisciotti made 300 copies of "Kaleidoscope," which he delivered to Ms. Brittingham in July 2014.  He had ten more copies made in August 2020 for reference to the original duplication run.  He has not sold or distributed any copies.



**January 11, 2022 Supplement:** <u>Pisciotti objects on the basis that this response to the</u> <u>extent that it is compound, containing at least three discrete subparts, thereby exceeding the</u> <u>permissible number of interrogatories permitted under F.R.C.P. 33.</u>

**Interrogatory No. 11.**  Describe any derivative works Plaintiff has undertaken related in any way to the Kaleidoscope work, and identify all documents related thereto.

**Answer:**  None

**January 11, 2022 Supplement:** <u>Pisciotti objects on the basis that this response to the</u> <u>extent that it is compound, containing at least two discrete subparts, thereby exceeding the</u> <u>permissible number of interrogatories permitted under F.R.C.P. 33. Pisciotti objects on the basis</u> <u>this interrogatory is vague insofar as it requests information on derivative works "related in any</u> <u>way" to Kaleidoscope. Pisciotti further objects that the request is vague insofar it requests such</u> <u>works he has "undertaken," as that term is not defined.</u>

**Interrogatory No. 12.**  Apart from the present case, describe in detail any dispute, litigation or administrative proceeding involving trademark, copyright, unfair competition or Consumer Protection Act claims with which Plaintiff has been involved in any way.  Your description should include the title of the proceeding and the tribunal, identity of all parties, the docket number (e.g., civil action number, Opposition number) and filing date, a summary all claims and defenses, its current status, and the terms of any settlement or judgment therein.

**Answer:**  None

**January 11, 2022 Supplement:** <u>Pisciotti objects on the basis that this response to the</u> <u>extent that it is compound, containing at least six discrete subparts, thereby exceeding the</u> <u>permissible number of interrogatories permitted under F.R.C.P. 33.</u>

**Interrogatory No. 13.**  Identify each expert witness you intend to use to provide opinions or present other evidence at the time of trial. For each such witness, summarize their opinion or evidence and any scientific methodology or process used to develop such opinion(s) or evidence.

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 7

No. 3:20-cv-05924-BHS



**Answer:**  Mr. Pisciotti will disclose its expert witnesses in accordance with the Court's forthcoming scheduling order.  As such, he will supplement this answer as needed in the future.

**January 11, 2022 Supplement:** Pisciotti objects on the basis that this response to the extent that it is compound, containing at least three discrete subparts, thereby exceeding the permissible number of interrogatories permitted under F.R.C.P. 33.

DATED this 28th day of April, 2021.

ATKINS INTELLECTUAL PROPERTY, PLLC

/s/ Tim Billick
TBILLICK LAW PLLC
Tim Billick, WSBA No. 46690
tim@tbillicklaw.com
600 1ST AVE
Seattle, Washington 98104
Tel: 206.494.0020

**Certification:**

I declare under penalty of perjury under the laws of the United States that the foregoing answers are true and correct to the best of my knowledge and belief.

_____

Frank Pisciotti

Signed on: _____

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND SUPPLEMENTAL
RESPONSES THERETO - 8

No. 3:20-cv-05924-BHS

TBILLICK
LAW

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on January 11, 2022, I served the above document by the method

3 indicated below:

4

| | | |
|---|---|---|
| David A. Lowe | ☐ | U.S. Mail, Postage Prepaid |
| Lowe Graham Jones, PLLC | ☐ | Hand Delivered |
| 701 Fifth Avenue, Suite 4800 | ☐ | Overnight Mail |
| Seattle, WA 98104 | ☐ | Facsimile Transmission |
| | ☐ | CM/ECF |
| Attorneys for Roberta Brittingham | ☒ | E-mail |

5

6

7

8

9

By /s/ Tim Billick

10

　　Michael G. Atkins

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FIRST SET OF
INTERROGATORIES AND <u>SUPPLEMENTAL</u>
RESPONSES THERETO - 9

No. 3:20-cv-05924-BHS

**EXHIBIT D**

1

The Honorable Benjamin H. Settle

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT TACOMA

9

FRANK PISCIOTTI,          ) No. 3:20-cv-05924-BHS
10
                  )
       Plaintiff,      ) DEFENDANT'S FIRST SET OF REQUESTS
11
                  ) FOR PRODUCTION OF DOCUMENTS
    vs.            ) AND ANSWERS THERETO
12
                  )
ROBERTA BRITTINGHAM,    )
13
                  )
       Defendant.     )
14
_____)

15
      Frank Pisciotti responds to Roberta Brittingham's First Set of Requests for Production of
16
Documents as follows.

17
**GENERAL OBJECTIONS**

18
      Mr. Pisciotti objects to Ms. Brittingham's requests to the extent they purport to require
19
responses that differ from responses required by Federal Rules of Civil Procedure 26 and 34.

20
**RESPONSES**

21
    **Request No. 1.**  Documents described or identified in response to, or relied upon by you
22
to respond to any of the interrogatories.

23
    **Response:**  Documents will be produced.

24
    **Request No. 2.**  Documents related in any way to Plaintiff's involvement with the
25
Kaleidoscope work.

26
DEFENDANT'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTST AND
RESPONSES THERETO - 1

No. 3:20-cv-05924-BHS

1    **Response:**  Documents will be produced.

2    **Request No. 3.**  Any agreements related in any way to the Kaleidoscope work.

3    **Response:**  No such documents exist.

4    **Request No. 4.**  Documents related to any communications pertaining to the

5    Kaleidoscope work.

6    **Response:**  Documents will be produced.

7    **Request No. 5.**  Documents related in any way to U.S. Copyright Reg. No. PA 1-958-

8    265.

9    **Response:**  Documents will be produced.

10   **Request No. 6.**  Documents reflecting any payments made by Ms. Brittingham to

11   Plaintiff related in any way to the Kaleidoscope work

12   **Response:**  No such documents exist.

13   **Request No. 7.**  Documents related in any way to Plaintiff's relationship with Ms.

14   Brittingham.

15   **Response:**  Mr. Pisciotti objects on the ground that this request is not reasonably
     calculated to lead to the discovery of admissible evidence.  Subject to and without waiving that
16   objection, Mr. Pisciotti responses as follows: Other than photos and videos of Ms. Brittingham at
     various events, no such documents exist.
17
     **Request No. 8.**  Documents reflecting any communications Plaintiff has had with Ms.
18
     Brittingham.
19
     **Response:**  Documents will be produced.
20
     **Request No. 9.**  Documents reflecting any financial, in-kind or other compensation,
21
     payments or consideration that Ms. Brittingham has provided to Plaintiff at any time.  Production
22
     should include without limitation, for example, documents reflecting any monies paid to
23
     Plaintiff, food, meals or lodging provided, or anything that would otherwise represent something
24
     of value provided by Ms. Brittingham to Plaintiff.
25
     **Response:**  No such documents exist.
26

DEFENDANT'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTST AND
RESPONSES THERETO - 2

No. 3:20-cv-05924-BHS

**Request No. 10.**  Documents related in any way to any work performed at any time by Plaintiff for Ms. Brittingham, including without limitation any artistic or other projects.

**Response:**  Mr. Pisciotti objects on the ground that this request is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving that objection, Mr. Pisciotti responses as follows: Documents will be produced that relate to "Kaleidoscope."

**Request No. 11.**  Documents related to any copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff.

**Response:**  No such documents exist.

**Request No. 12.**  Documents sufficient to provide a complete accounting of any copies of the Kaleidoscope work that have been made, offered for sale, sold or otherwise distributed by Plaintiff.

**Response:**  No such documents exist.

**Request No. 13.**  Documents related to any derivative works Plaintiff has undertaken related in any way to the Kaleidoscope work.

**Response:**  No such documents exist.

**Request No. 14.**  Documents that relate to, refer to, or mention Ms. Brittingham or her products or services.

**Response:**  Mr. Pisciotti objects on the ground that this request is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving that objection, Mr. Pisciotti responses as follows: No such documents exist.

**Request No. 15.**  Apart from the present case, documents related to any dispute, litigation or administrative proceeding involving trademark, copyright, unfair competition or Consumer Protection Act claims with which Plaintiff has been involved in any way.

**Response:**  No such documents exist.

**Request No. 16.**  Documents provided to each expert witness you intend to use to provide opinions or present other evidence at the time of trial.

**Response:**  No such documents exist.  However, discovery is continuing, and Mr. Pisciotti will supplement this response as needed in the future.

DEFENDANT'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTST AND
RESPONSES THERETO - 3

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

No. 3:20-cv-05924-BHS

1    DATED this 28th day of April, 2021.

2                                              ATKINS INTELLECTUAL PROPERTY, PLLC

3

4                                              By /s/ Michael G. Atkins
                                                  Michael G. Atkins
5                                                 WSBA# 26026
                                                  Atkins Intellectual Property, PLLC
6                                                 113 Cherry Street #18483
                                                  Seattle, WA 98104-2205
7                                                 (206) 628-0983
                                                  *mike@atkinsip.com*
8
                                               Attorneys for Frank Pisciotti
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTST AND
RESPONSES THERETO - 4

No. 3:20-cv-05924-BHS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I served the above document by the method indicated below:

| David A. Lowe<br>Lowe Graham Jones, PLLC<br>701 Fifth Avenue, Suite 4800<br>Seattle, WA 98104<br><br>Attorneys for Roberta Brittingham | ☐<br>☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail, Postage Prepaid<br>Hand Delivered<br>Overnight Mail<br>Facsimile Transmission<br>CM/ECF<br>E-mail |
|---|---|---|

By /s/ Michael G. Atkins
Michael G. Atkins

DEFENDANT'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTST AND
RESPONSES THERETO - 5

No. 3:20-cv-05924-BHS

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983