UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK PISCIOTTI,

           Plaintiff,

   v.

ROBERTA BRITTINGHAM,

           Defendant.

CASE NO. 3:20-cv-05924-LK

ORDER ON MOTION TO COMPEL

This matter is before the Court on referral from the District Court and on defendant's motion to compel discovery. Dkt. 22.

Defendant filed a motion to compel further discovery responses in this copyright matter involving the ownership of a meditation film, referred to as the Kaleidoscope work. The requests seek information regarding communications involving the Kaleidoscope work, information regarding other work plaintiff has done for defendant, including payments for such work, and documents related to the parties' relationship. Plaintiff provided several objections along with his responses, which defendant claims are lacking.

Upon reviewing the motion and the relevant material, the Court finds that information regarding the parties' prior course of dealing may be relevant to the ownership of the Kaleidoscope work. However, information regarding other aspects of the parties' relationship is not. Accordingly, the Court grants in part and denies in part defendant's motion to compel.

## BACKGROUND

On September 16, 2020, plaintiff filed suit against defendant alleging that defendant infringed on his rights in the Kaleidoscope work. *See* Dkt. 1. Plaintiff alleges that defendant failed to split the proceeds from sales of the work. *Id.* at 1. Plaintiff brings a claim for copyright infringement and a claim for removal and alteration of copyright management information. *See* Dkt. 1 at 6–8. Plaintiff is seeking damages and injunctive relief. *Id.* at 9. On January 4, 2021, defendant filed an answer and counterclaim. Dkt. 10. Defendant alleges that she is the true owner of the Kaleidoscope work because plaintiff assigned, or was obligated to assign, all ownership rights to her. *Id.* at 5–10.

On March 1, 2021, defendant served her first set of interrogatories and first set of requests for production on plaintiff. Dkt. 23 at 1. Plaintiff responded on April 28, 2021. *Id.* at 2. Defendant's counsel states that he corresponded with plaintiff's counsel regarding plaintiff's answers on August 28, 2021 and met and conferred on January 7, 2022. *Id.* Plaintiff provided supplemental answers to the first set of discovery on January 11, 2022. *Id.*

On January 18, 2022, defendant filed the motion to compel discovery. Dkt. 22. On February 1, 2022, plaintiff filed a late response. However, plaintiff claims he experienced internet and phone outages, which made communication and coordination difficult. *See* Dkt. 36 at 2. Therefore, the Court accepts plaintiff's response brief. Defendant filed her reply on February 4, 2022. Dkt. 37.

## DISCUSSION

Parties have the right to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FRCP 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Courts have broad discretion in determining relevancy for discovery purposes. *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

"The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4); *see Moore v. Gipson*, 2018 WL 746489, at *2 (E.D. Cal. Feb. 7, 2018) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981))). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *U.S. v. McGraw-Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted).

### I. Interrogatory No. 3

Interrogatory No. 3 states:

> Describe in detail all communications related in any way to the Kaleidoscope work. Your answer should include the date and form of each communication, the identity of the person(s) who were parties to the communication, and the identity of all documents relating to the communication.

Dkt. 23-1 at 6.

1  Plaintiff initially objected to this interrogatory because it is overly broad and unduly
2  burdensome, compound and complex, and because it is not reasonably calculated to lead to the
3  discovery of admissible evidence. *Id.* at 23. Notwithstanding the objections, plaintiff provided a
4  response that identified several communications with defendant and others. *Id.* Plaintiff then
5  provided a supplemental response in which he objected on the basis that the interrogatory
6  exceeded the total number of interrogatories allowed under Fed. R. Civ. P. 33. *Id.*

7  Defendant argues that plaintiff's response is incomplete because he failed to provide the
8  date, form, identity of persons involved, and documents related to the communications. *See* Dkt.
9  22 at 6–7. Defendant claims this information is relevant to authorship and ownership issues in
10 this matter. *Id.* at 7.

11 In his opposition, plaintiff argues that his response is adequate because he "responded at
12 great length to Interrogatory No. 2." Dkt. 35 at 9. However, Interrogatory No. 2 concerned
13 "agreements" related to the Kaleidoscope work whereas Interrogatory No. 3 asks for
14 "communications" related to the Kaleidoscope work. *See* Dkt. 23-1 at 22–23. As such, plaintiff
15 was required to provide more than just agreements. Plaintiff also argues that his response
16 provided "significant details" and that defendant did not provide a specific definition of
17 "describe in detail." Dkt. 35 at 4. The Court disagrees. The interrogatory specified that the
18 answer should at least include the form of the communication, the identity of the persons, and the
19 identity of documents, if any, related to the communication. *See* Dkt. 23-1 at 23.

20 Regarding plaintiff's objections, the Court finds that plaintiff has failed to explain and
21 support his objections. *See McGraw-Hill Cos.*, 2014 WL 1647385, at *8. His main objection is
22 that the additional information defendant seeks is irrelevant. *See* Dkt. 35 at 9–10. However, the
23 Court finds that communications regarding the Kaleidoscope work meet the low threshold of
24

1  "relevance" under Rule 26 because they may shed light on the parties' authorship and ownership.
2  Again, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P.
3  26(b)(1).

4  Plaintiff also objected to this interrogatory because it exceeded the number of
5  interrogatories permitted under Fed. R. Civ. P. 33. *See* 23-1 at 23. Pursuant to Rule 33(a)(1),
6  "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no
7  more than 25 written interrogatories, including all discrete subparts." While courts have
8  formulated various tests for determining when subparts are separate interrogatories, "courts
9  generally agree that interrogatory subparts are to be counted as one interrogatory . . . if they are
10 logically or factually subsumed within and necessarily related to the primary question." *Trevino*
11 *v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (citing *Safeco of America v. Rawstron*,
12 181 F.R.D. 441, 445 (C.D. Cal. 1998)).

13 Plaintiff does not explain how this interrogatory consists of five subparts that should be
14 counted as separate interrogatories or how this interrogatory exceeded the number of
15 interrogatories permitted under Rule 33. The Court agrees with defendant that the subparts of the
16 interrogatory that seek the date, form, identity of persons, and related documents are "logically
17 or factually subsumed" within the primary question. Dkt. 22 at 9–10; *Trevino*, 232 F.R.D. at 614.
18 Further, even if the total number of interrogatories were to have exceeded twenty-five, plaintiff
19 does not explain why he did not have to respond to Interrogatory No. 3, which, even under his
20 count, would be within twenty-five interrogatories.

21 Accordingly, plaintiff's objections are overruled, and plaintiff is ordered to provide a
22 supplemental response to this interrogatory.
23 ///
24

**II.   Interrogatories 8 and 9**

Interrogatory No. 8 states:

> Describe in detail all financial, in-kind or other compensation, payments or consideration that Ms. Brittingham has provided to Plaintiff at any time, and identify all documents related thereto. Your answer should include without limitation, for example, any monies paid to Plaintiff, food, meals or lodging provided, or anything that would otherwise represent something of value provided by Ms. Brittingham to Plaintiff.

Dkt. 23-1 at 7.

Interrogatory No. 9 states:

> Describe in detail work performed at any time by Plaintiff for Ms. Brittingham, including without limitation any artistic or other projects, and identify all documents related thereto. Your answer should include without limitation identification of any such work or projects, Plaintiff's involvement with such work or project, any payments made for such work or projects, etc.

Dkt. 23-1 at 8.

Plaintiff initially objected to both interrogatories because they are overly broad and unduly burdensome, compound and complex, and because they are not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 25–26. Plaintiff then supplemented his responses by objecting that the interrogatories exceeded the total number of interrogatories allowed under Rule 33, that they are not proportional to the needs of the case, and that defendant did not plead a course of dealing as a basis for her claim. *Id.* at 26.

Defendant argues that plaintiff's responses to these interrogatories are insufficient and that the information she seeks through these interrogatories is relevant because her "defense and counterclaim of authorship and ownership are based on express or implied agreement and obligations between the parties due to the long-standing pattern of understanding and conduct between them." Dkt. 22 at 7. She argues that she expressly asserted authorship and ownership in

her answer and counterclaim to plaintiff's complaint by alleging that plaintiff was obligated to assign any and all rights to defendant. *Id.*

In his opposition, plaintiff argues that he provided an answer regarding compensation related to the Kaleidoscope work and that prior dealings between the parties on unrelated works are irrelevant to whether defendant paid plaintiff for the Kaleidoscope project. Dkt. 35 at 5. However, whether plaintiff was paid for the Kaleidoscope project is not the only issue in this case. At issue is also the ownership of the work, because "[t]o prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). Further, as a defense and counterclaim, defendant is alleging that she is the owner of the Kaleidoscope work because plaintiff assigned, or was obligated to assign, all of his rights to defendant. *See* Dkt. 10 at 5, 7. Prior course of dealing between the two parties may shed some light as to the parties' understanding of the ownership of the work. Therefore, the information defendant seeks meets the low threshold of relevancy under Rule 26.

The Court also overrules plaintiff's objection that these interrogatories exceed the total number of interrogatories allowed under Rule 33 for the same reasons stated above. *See supra*, section I. Notably, plaintiff does not explain why the subparts should be counted as separate interrogatories.

Regarding plaintiff's objection that the interrogatories are unduly burdensome, plaintiff was required to demonstrate how the discovery sought would be unduly burdensome to produce. *See Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015). Plaintiff says nothing regarding the time, money, and procedures required to provide an answer that included

payments he received for work done for defendant. Therefore, his objections are overruled on this ground.

Finally, plaintiff alleges that the interrogatories are overbroad. Regarding Interrogatory No. 8, plaintiff claims that "[i]t would be unreasonable for anyone to keep a running tally of receiving 'something of value' from a friend and colleague over the course of 25 years." Dkt. 35 at 5; *see also* Dkt. 36 at 3. The Court agrees that this interrogatory is overbroad in the sense that it asks for information regarding "anything that would otherwise represent something of value provided by [defendant]." Dkt. 23-1 at 25. On the other hand, the Court disagrees that information regarding payments received for work or projects done for defendant is overbroad. Both interrogatories appear to ask for that information. However, Interrogatory No. 9 is tailored towards payments for work or projects, whereas Interrogatory No. 8 is asking for much broader information. Therefore, plaintiff's objection is sustained as to Interrogatory No. 8 and overruled as to Interrogatory No. 9. Accordingly, plaintiff is ordered to provide a supplemental response to Interrogatory No. 9.

## III. Request for Production No. 7

Request for Production No. 7 requests "[d]ocuments related in any way to Plaintiff's relationship with Ms. Brittingham." Dkt. 23-1 at 16. Plaintiff objected to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Dkt. 23-1 at 32. Plaintiff then responded that "[o]ther than photos and videos of [defendant] at various events, no such documents exist." *Id.*

Defendant does not specifically explain how this answer is insufficient or why the photos and videos of defendant at various events is relevant. Defendant simply groups this request with Interrogatories 8 and 9 and argues that the information sought is relevant to establish a pattern of

conduct regarding the ownership of the work. *See* Dkts. 22 at 7, 37 at 5. However, that is insufficient to compel a further response to this request. Plaintiff's answer is responsive to the request as is. Accordingly, the Court declines to compel a further response to this request.

**IV.     Motion to Strike**

In his response, plaintiff asks the Court, without citing to any authority, to strike the declarations defendant submitted in support of her motion to compel because they are irrelevant and contain improper expert testimony. *See* Dkt. 35 at 2. The declarations are from various people regarding their experiences in working for defendant. *See* Dkts. 25–33. Defendant argues that these declarations are relevant because they show that defendant had a pattern of dealing that she was the owner of similar works in the past.

Because the Court finds that a prior course of dealing may be relevant to ownership of the Kaleidoscope work, and because the declarations are only being used to support the relevancy of the information sought in the discovery requests at issue, the Court declines to strike the declarations for the purpose of deciding this motion to compel.

**V.     Sanctions**

Plaintiff seeks an award of reasonable expenses, including attorney's fees, incurred in bringing the motion. Dkt. 22 at 10–11. Under Fed. R. Civ. P. 37(a)(5)(A), the Court must award reasonable expenses to the moving party if it prevails. However, when the motion is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." *See* Fed. R. Civ. P. 37(a)(5)(C). Ultimately, the imposition of Rule 37 sanctions is "left to the sound discretion" of the Court. *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547–48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959), *cert. denied,* 361 U.S. 816, 80 (1959).

Here, defendant's motion is granted in part and denied in part. Specifically, the Court granted the motion regarding Interrogatory Nos. 3 and 9 and denied it regarding Interrogatory No. 8 and Request No. 7. Under these circumstances, the Court finds it appropriate that each party bear its own costs and fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

## CONCLUSION

Based on the foregoing, defendant's motion to compel is granted in part and denied in part. Specifically, defendant's motion to compel further responses to Interrogatory Nos. 3 and 9 is granted. Defendant's motion to compel further responses to Interrogatory No. 8 and Request No. 7 is denied. Plaintiff is ordered to provide the supplemental responses within 14 days of this Order. Each party shall bear their own costs and fees.

Dated this 23rd day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge