UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK PISCIOTTI, | CASE NO. 20-CV-05924-LK |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES |
| v. | |
| ROBERTA BRITTINGHAM, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Frank Pisciotti's Motion to Continue the Trial Date and Pretrial Deadlines, Defendant Roberta Brittingham's Opposition, and the parties' supporting declarations. Dkt. Nos. 55–56, 57–58. The Court GRANTS IN PART Pisciotti's motion.

## I.   INTRODUCTION

Trial in this matter is currently scheduled for June 14, 2022. Dkt. No. 41 at 2. The parties' motions in limine are due on May 2, 2022, their pretrial order is due on May 16, 2022, and their trial briefs are due on May 23, 2022. *Id.* at 1–2. And last, the pretrial conference is scheduled for May 27, 2022. *Id.* at 2.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES - 1

1    Pisciotti moves the Court for a three-month extension of these deadlines because his lead

2    counsel is also lead counsel in another case currently pending in this district, *Aquarian Foundation,*

3    *Inc. v. Lowndes*, No. 2:19-CV-01879-RSM. Dkt. No. 55 at 1–2. According to Pisciotti, *Aquarian*

4    was set for trial on April 25, 2022 until recently, when Chief Judge Martinez "unexpectedly"

5    pushed trial to May 23, 2022 during the pretrial conference. *Id.* at 2. The *Aquarian* pretrial

6    deadlines and trial date now directly conflict with or overlap the Court's pretrial deadlines in this

7    matter. *Id.* at 3–4 (table depicting overlapping schedule); Dkt. No. 57 at 3 (same). As for direct

8    conflicts, the parties' trial briefs, proposed voir dire questions, proposed jury instructions,

9    deposition designations, and exhibit list are due on the first day of the *Aquarian* trial. Dkt. No. 55

10   at 4; Dkt. No. 57 at 3. And the pretrial conference in this case is set for the final day of the *Aquarian*

11   trial. Dkt. No. 55 at 4; Dkt. No. 57 at 3. The two schedules otherwise overlap for the entire month

12   of May. *See* Dkt. No. 57 at 3.

13                          **II.      DISCUSSION**

14        The Court may modify a schedule "only for good cause[.]" Fed. R. Civ. P. 16(b)(4). This

15   standard "primarily considers the diligence of the party seeking the amendment." *Johnson v.*

16   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As the Ninth Circuit warns,

17   carelessness is incompatible with a finding of diligence. *Id.* The Court's inquiry thus focuses on

18   the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the

19   inquiry should end." *Id.*

20        Plaintiff emphasizes that his counsel is "a single-attorney law firm with one part-time

21   paralegal who works remotely." Dkt. No. 55 at 4. Although counsel was prepared for successive

22   trials, the shift in the *Aquarian* schedule will force counsel to prepare for two trials at once and

23   then continue to meet pretrial deadlines in this case amidst trying *Aquarian*. *Id.* at 4–5. As counsel

24   notes, this would be "unreasonable, if not impossible." *Id.* at 4–5.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES
- 2

Brittingham opposes continuance. She counters that "there is no actual conflict with this case"—only "some overlap"—and insists that both cases can therefore "be tried without requiring [Pisciotti's counsel] to be in two places at once." Dkt. No. 57 at 3. In Brittingham's view, "[p]roper planning and scheduling can ensure that work is completed in advance to avoid any overlapping deadline." *Id.* The Court finds this disingenuous. In these circumstances, it is unreasonable to expect a single-attorney law firm with one part-time paralegal to "plan and schedule" for the following changes that were put into effect only last week:

| Old deadlines | New deadlines |
|---|---|
| March 28: Motions in limine (Aquarian) | May 2: Motions in limine (Pisciotti) |
| April 11: Pretrial order (Aquarian) | May 11: Pretrial order (Aquarian) |
| April 18: Trial briefs (Aquarian) | May 16: Pretrial order (Pisciotti) |
| April 25: Trial (Aquarian) | May 18: Proposed FOF/COL (Aquarian) |
| May 2: Motions in limine (Pisciotti) | May 18: Trial briefs (Aquarian) |
| May 16: Pretrial order (Pisciotti) | May 23: Voir dire etc. (Pisciotti) |
| May 23: Voir dire etc. (Pisciotti) | May 23-27: Trial (Aquarian) |
| May 27: Pretrial conference (Pisciotti) | May 27: Pretrial conference (Pisciotti) |
| June 14-20: Trial (Pisciotti) | June 14-20: Trial (Pisciotti) |

*Cf. Ball v. Manalto, Inc.*, No. C16-1523RSM, 2017 WL 2119329, at *2 (W.D. Wash. May 16, 2017) ("While pregnancy would almost certainly constitute good cause for a four month continuance if Defendants were represented by a solo practitioner, the Court finds that it does not constitute good cause when Defendants are represented by at least one other named counsel and a firm full of associates that can certainly be brought up to speed on this case."). Indeed, Brittingham filed an unopposed motion to reschedule the pretrial conference in this case because her counsel would be in trial in another matter on the date of the pretrial conference, Dkt No. 40 at 1, but now inexplicably declines to extend the same courtesy to Pisciotti. *See* Dkt. No. 55 at 3 and table above (counsel for Pisciotti scheduled to be in trial in *Aquarian* on the pretrial conference date in this case).

1    The Court acknowledges the potential prejudice that Brittingham might suffer from a

2    continuance. *See* Dkt. No. 57 at 6–7. Although it is sympathetic to the "stress, anxiety, and

3    financial strain" of the case and her existing travel arrangements, such concerns are an inherent

4    downside of litigation. *See Knussman v. Maryland*, 272 F.3d 625, 641 (4th Cir. 2001) (noting that

5    "anxiety, stress, or other unpleasantness" is "inherent in most litigation" (cleaned up)); *Karpenski*

6    *v. Am. Gen. Life Cos., LLC*, No. 2:12-CV-01569-RSM, 2013 WL 6086230, at *2 (W.D. Wash.

7    Nov. 19, 2013) ("It is axiomatic that the trial court has inherent authority to control the disposition

8    of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"

9    including continuing case deadlines) (cleaned up). And, in any event, the "good cause" inquiry

10   focuses on the diligence of the moving party. *See DRK Photo v. McGraw-Hill Glob. Educ.*

11   *Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (the "central inquiry" is "whether the requesting

12   party was diligent in seeking the amendment"). Here, Pisciotti was confronted with an unforeseen

13   change in circumstances and promptly sought a remedy. And the Court finds that its current pretrial

14   deadlines and trial date cannot reasonably be met. *Johnson*, 975 F.2d at 609. As such, good cause

15   exists to continue trial and all related pretrial deadlines. The Court declines, however, to adopt

16   Pisciotti's proposed amended schedule. *See* Dkt. No. 55.

17                            **III.    CONCLUSION**

18        The Court GRANTS IN PART Pisciotti's Motion to Continue. Dkt. No. 55.

19        The Court further ORDERS counsel to confer and identify a new trial date and new pretrial

20   deadlines falling between July 11, 2022 and September 6, 2022. The parties shall submit their

21   proposed dates by April 22, 2022. If the parties are unable to reach agreement, the Court will set a

22   schedule for them.

23

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES
- 4

1      Dated this 15th day of April, 2022.

2

3                                              Lauren King
                                               United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES
- 5