Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| FRANK PISCIOTTI, | Civil Action No. 20-cv-5924LK |
| Plaintiff & Counterclaim Defendant, | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION |
| v. | |
| ROBERTA BRITTINGHAM, | |
| Defendant & Counterclaim Plaintiff. | |

Defendant Roberta Brittingham ("Ms. Brittingham") opposes Plaintiff Frank Pisciotti's motion for clarification because it is an untimely motion for reconsideration and further because it is squarely at odds with the substance of the order on summary judgment and corresponding authority.

## A.   PLAINTIFF'S MOTION FAILS TO SATISFY THE CIVIL AND LOCAL RULES

When a party seeks to alter or amend a judgment (including by characterizing it as a request for "clarification"), the request must meet specific standards imposed by the Federal Rules of Civil Procedure and Local Rules. In this case, Plaintiff does not identify any Civil Rule or Local Rule, and because no rules or standards are cited, Plaintiff likewise makes no attempt to satisfy them.

Federal Rule 59 allows a party to seek alteration or modification of a judgment, but a motion under Fed. R. Civ. P. 59(e) must be filed no later than 28 days after entry of the judgment. Rule 59(e) applies to any motion to alter or amend a judgment, regardless of how a party might



style the motion. *United States ex rel. Hoggett v. Univ. of Phx.*, 863 F.3d 1105, 1108 (9th Cir. 2017). Here, Plaintiff is specifically seeking an order allowing claims for future alleged acts of infringement even though the summary judgment order held otherwise, and thus the request for "clarification" is plainly a Rule 59(e) motion. This motion was brought on August 4, 2022, more than 28 days after the July 1, 2022 judgment, and therefore relief is not available under Rule 59(e) because the request is untimely.

Similarly, LCR 7(h) requires that any motion for reconsideration be filed within fourteen days after the order to which it relates is filed. As LCR 7(h) further provides, "[f]ailure to comply with this subsection may be grounds for denial of the motion." Even if the Court were to consider the motion despite being untimely under LCR 7(h), it still could not evaluate the motion under the standards of Rule 59(e) because it is untimely as noted above.

Having missed the deadline for consideration under Rule 59(e), the present motion can only be considered under Fed. R. Civ. P. 60. Yet Plaintiff does not mention Rule 60, does not articulate any of the possible grounds for relief allowed under Rule 60, and does not demonstrate how the applicable standards would be satisfied.

Instead of articulating the rules and demonstrating how the procedural requirements are met, Plaintiff simply asks the Court to modify the judgment to allow claims against future alleged acts of infringement (even though the order clearly held otherwise). This bland request for a modification of the judgment should be denied for failing to satisfy any of the applicable rules that might allow the requested relief.

**B.    PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS**

Plaintiff now seeks an order holding that the summary judgment under the statute of limitations only bars claims for prior acts of infringement but does not bar claims against future acts of infringement. This would not be a "clarification" of the Court's order, but rather an outright

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLARIFICATION - 2
Civil Action No. 20-cv-5924LK
KALD-6-0001P024 OppMotContinue

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

reversal of it. Moreover, the request is squarely contrary to the law and should be denied for the same reasons as already outlined in the Court's original order.

On July 1, 2022, the Court issued an order on summary judgment, specifically holding that "[Plaintiff's] infringement claim and, by extension, his DMCA claim are … barred by the statute of limitations." (Dkt. 65 at 28) In reaching this decision, the Court clearly and unmistakably addressed the distinction between an ordinary application of the statute of limitations and one involving an ownership claim. In an ordinary case, each new infringing act causes a new claim to accrue, along with a fresh application of the statute of limitations. (*Id.* at 19). But when an ownership claim is involved, the ownership claim *accrues only once*. (*Id.* at 19, quoting *Seven Arts Filmed Ent. Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Moreover, an infringement claim is timely only if the corresponding ownership claim is timely. (*Id.* at 19, quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389–90 (6th Cir. 2007) ("When claims for both infringement and ownership are alleged, the infringement claim is timely only if the corresponding ownership claim is also timely.")). Thus, because the ownership claim accrues only once, and because Plaintiff's infringement claim requires a timely asserted ownership claim, an untimely ownership claim necessarily bars all possible infringement claims—past, present, and future.

The Court's order was thus quite clear on its face and no further clarification is necessary. In addition, the specific point of clarification sought is directly contrary to both the order on summary judgment and Ninth Circuit authority. An untimely ownership claim bars all claims for infringement, even those that may arise in the future. If that were not so, then it would emasculate the holdings in *Seven Arts* and *Roger Miller Music* to the effect that an ownership claim accrues only once. As noted in *Seven Hills*, "[i]t is inequitable to allow the putative co-owner to lie in the weeds for years after his claim has been repudiated, while large amounts of money are spent developing a market for the copyrighted material, and then pounce on the prize after it has been

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLARIFICATION - 3
Civil Action No. 20-cv-5924LK
KALD-6-0001P024 OppMotContinue

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

brought in by another's effort." *Seven Hills*, 733 F.3d at 1255. Just as with adverse possession laws on which this precedent was based by analogy, once ownership is expressly repudiated—particularly between parties in a close relationship—all future claims are barred by the three-year statute of limitations. *Id.* at 1254-56; *accord Kwan v. Schlein*, 634 F.3d 224, 228-30 (2d Cir. 2011); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389-90 (6th Cir. 2007). Plaintiff's request to modify this clear precedent to allow him to pursue Ms. Brittingham for future use of the same work on which infringement claim were found barred by the statute of limitations would be wholly inconsistent with this precedent.

Ms. Brittingham respectfully urges the Court to DENY Plaintiff's motion. Moreover, as Plaintiff apparently intends to file a new action asserting infringement at some point in the future, and in order to prevent such an action (which would be frivolous, and a waste of judicial resources), Ms. Brittingham respectfully submits that the Court should confirm that its order means exactly what it says: Plaintiff's claims are barred by the statute of limitations because of the untimely ownership claim, and that judgment applies to all claims against Ms. Brittingham, now and in the future.

RESPECTFULLY SUBMITTED August 15, 2022.

s/ David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES[PLLC]
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

Attorneys for Ms. Brittingham

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLARIFICATION - 4
Civil Action No. 20-cv-5924LK
KALD-6-0001P024 OppMotContinue

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301